UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MRT ASSETS, LLC,

Plaintiff(s),

v.

NATIONSTAR MORTGAGE, LLC, et al.,

Defendant(s).

Case No. 2:17-CV-70 JCM (CWH)

ORDER

Presently before the court is third-party defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") and defendant Nationstar Mortgage, LLC's ("Nationstar") motion for summary judgment. (ECF No. 12). Cross defendant Pebble Canyon Homeowners Association ("the HOA") (ECF No. 22) and plaintiff MRT Assets, LLC ("MRT") (ECF No. 25), filed responses, to which Freddie Mac and Nationstar replied (ECF No. 29).

Also before the court is defendants/cross-claimants Summer Allgood ("Allgood") and Guild Mortgage Company's ("Guild") motion for summary judgement. (ECF No. 18). MRT filed a response (ECF No. 31), to which Freddie Mac and Nationstar (ECF No. 34) and Allgood and Guild (ECF No. 35) replied.

**I.    Facts & Background**

*a. Subject property, note, and deed of trust*

This action involves the parties' interests in real property located at 9087 Aviance Court, Henderson, NC 89073 ("the property"). (ECF No. 18).

A deed of trust listing Todd Wittlief ("Wittlief") as the borrower, Meridas Capital, Inc. as the lender, and MERS as beneficiary solely as nominee for lender and lender's successors and assigns, was executed on October 25, 2005, and recorded on November 7, 2005. (ECF No. 12).

**James C. Mahan**
**U.S. District Judge**

The deed of trust granted the lender a security interest in the property to secure repayment of a loan in the original amount of $280,000.00. *Id.* Freddie Mac purchased the loan, thereby obtaining interest in the deed of trust on December 29, 2005. *Id.* Freddie Mac maintained ownership in the deed of trust at the time of the HOA sale on November 2, 2012. *Id.*

At the time of the HOA sale, Nationstar was the servicer of the loan for Freddie Mac, but Freddie Mac retained its interest in the deed of trust pursuant to the guide that governs the relationship between Freddie Mac and its servicers nationwide. (ECF No. 12).

On January 30, 2014, Freddie Mac sold the property to Allgood. (ECF No. 12). A sale deed and deed of trust reflecting Allgood's interest in the property was recorded on January 31, 2014. *Id.* Guild provided Allgood with a purchase money mortgage. (ECF No. 18). Up until this point, Freddie Mac retained an interest in the deed of trust as the beneficiary of the deed of trust from 2005. *Id.*

### b. HOA foreclosure sale and MRT's purported interest

Prior to the Freddie Mac sale, Wittlief, the borrower, failed to pay certain homeowner dues owed to the HOA. (ECF No. 18).

On November 14, 2011, the HOA recorded a notice of delinquent assessment lien. (ECF No. 12). On April 4, 2012, the HOA recorded a notice of default and election to sell. *Id.* On August 23, 2012, the HOA recorded notice of sale indicating a foreclosure sale of the property was scheduled for September 21, 2012. *Id.*

On December 5, 2012, a foreclosure deed was recorded against the property. (ECF No. 12). The foreclosure deed states that the property was sold at an HOA foreclosure sale on November 2, 2012 to SNJ Enterprises, Inc. ("SNJ") for $10,900.00. *Id.* On April 1, 2016, SNJ recorded a quitclaim deed, purporting to transfer title to the property to Proper Investment, LLC ("Prosper") for $1.00. *Id.* According to MRT, it is now the owner of the property, but there is no recorded document showing transfer of the property from Prosper to MRT. (ECF No. 18).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

*c. MRT's complaint*

MRT challenges defendants' foreclosure sale, alleging the first deed of trust was previously extinguished by the HOA sale on December 5, 2012. (ECF No. 31). MRT's complaint alleges claims for (1) declaratory relief and quiet title, and (2) cancellation of instruments. (ECF No. 18).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not

James C. Mahan
U.S. District Judge

- 3 -

consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**III. Discussion**

In defendants' motions for summary judgment, defendants argue that § 4617(j)(3) of the Housing and Economic Recovery Act of 2008 ("HERA") preempts state law and bars the foreclosure of the underlying property without Freddie Mac's consent. (ECF Nos. 12, 18). Plaintiff MRT argues that Freddie Mac never owned the underlying loan. (ECF No. 31). Rather, the underlying loan was pooled to create a mortgage-backed securities fund ("securitization") to package and sell to investors. *Id.* As a result, the HOA foreclosure sale extinguished Nationstar's interest in the property absent the protection of the federal foreclosure bar. *Id.*

Defendants respond that the loan was not securitized at the time of the HOA sale and even if it were, Freddie Mac would own it as trustee of the common law trust. (ECF No. 29). The court agrees.

Under Nevada Revised Statute ("NRS") 116.3116, a homeowner's association ("HOA") has a lien on a property for assessments levied against that property and such liens are prior to all other liens and encumbrances, subject to exceptions. Nev. Rev. Stat. 116.3116(1)–(2). In *SFR Investments Pool 1*, the Nevada Supreme Court found that a HOA's foreclosure of a super-priority lien extinguishes a first recorded security interest. 334 P.3d 408, 409 (Nev. 2014).

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq*. In September 2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of

**James C. Mahan**
**U.S. District Judge**

- 4 -

reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, case no. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). Recently, the Ninth Circuit also held that the federal foreclosure bar applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

Here, Freddie Mac owned a mortgage loan secured by the underlying property from November 29, 2005 until January 30, 2014, at which point Freddie Mac sold the property to Allgood. (ECF No. 18). Additionally, Freddie Mac entered conservatorship through HERA on September 6, 2008. *Id.* These dates clearly precede and outlast the date of the HOA's foreclosure sale. *Id.*

Additionally, Allgood and Guild assert that Freddie Mac did not consent to any extinguishment of Freddie Mac's property interest. *See* (ECF No. 18); *see also Opportunity Homes, LLC v. Fed. Home Loan Mortg. Corp.*, 169 F. Supp. 3d 1073, 1078 (D. Nev. 2016).

1  MRT's responses to defendants' motions is unpersuasive. (ECF Nos. 25, 31). The court is satisfied that, in the circumstances of this case, Dean Meyer's declaration and explanation of defendants' relevant exhibits—as well as those exhibits themselves—sufficiently demonstrate Freddie Mac's ownership of a secured interest in the property predating the HOA's foreclosure sale. (ECF No. 12). In light of the evidence on the record and the plain language of § 4617(j)(3), the HOA's foreclosure sale has not extinguished Freddie Mac's interest in the property at issue.[1]

Accordingly, the court will grant Freddie Mac and Nationstar's summary judgment as to MRT's claims for quiet title and declaratory relief. Because Freddie Mac and Nationstar's motion for summary judgment is granted, MRT's claims against Allgood and Guild, as the buyer and mortgage provider at Freddie Mac's validly conducted foreclosure sale, must also fail. As such, the court will grant Allgood and Guild's motion for summary judgment as to MRT's claims for quiet title and cancellation of the instruments.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Freddie Mac and Nationstar's motion for summary judgment (ECF No. 12) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Allgood and Guild's motion for summary judgment (ECF No. 18) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED March 9, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Because this analysis is dispositive of the present issue, this court declines to apply the Ninth Circuit's binding precedent in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016).